| | |
|---|---|
| RODDRICK ACKER and NYCHARZEKE HINTON-ACKER,<br><br>  Plaintiffs,<br>v.<br><br>STATES MORTGAGE COMPANY, INC. and BRENNA OLBERDING,<br><br>  Defendants. | Civil No. 3:20-cv-00247<br><br>COMPLAINT AND<br>DEMAND FOR JURY TRIAL |

Plaintiffs, Roddrick Acker ("Acker") and Nycharzeke Hinton-Acker ("Hinton-Acker") (together "Plaintiffs"), by and through counsel, bring this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. §§95.25.1 *et. seq.*, against Defendants States Mortgage Company, Inc. ("States Mortgage") and Brenna Olberding ("Olberding") (together, "Defendants").

## NATURE OF PLAINTIFFS' CLAIMS

1. Plaintiffs bring their FLSA claims pursuant to 29 U.S.C. § 216(b) and they seek to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiffs' FLSA claims result from Defendants' policy and practice of failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

3. Defendants failed to pay all wages Plaintiffs earned pursuant to the NCWHA. Specifically, States Mortgage violated N.C. Gen. Stat. §§ 95-25.1 *et. seq.* by failing to pay Plaintiffs all earned wages due on their regular paydays and due on the next regular payday following the termination of their employment

## THE PARTIES

4. Acker is an adult individual who is a resident of Concord, NC.

5. Hinton-Acker is an adult individual who is a resident of Concord, NC.

6. States Mortgage is a domestic corporation registered and in good standing in the State of North Carolina, with its principal office located at 16905 Northcross Dr. Ste. 150, Huntersville, NC 28078-5039.

7. Olberding is the majority shareholder of States Mortgage and holds the position of President. In this capacity, Olberding is involved in the day-to-day business operations of States Mortgage. Olberding has the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including the decision to not pay an overtime premium for all hours worked in excess of forty in a workweek. At all relevant times, Olberding acted and had responsibility to act on behalf of, and in the interests of States Mortgage in devising, directing, implementing and supervising the wage and hour practices and policies relating to employees, including the overtime issues raised in this lawsuit. At all relevant times, Olberding was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

9. The claims for violations of the NCWHA are based on the statutory and common law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claims – both claims arise out of Defendants' unlawful policies and practices related to Plaintiffs' compensation.

10. This Court has personal jurisdiction because Defendants conduct business in Mecklenburg County, North Carolina, which is located within this judicial district.

11. Venue is proper in this judicial district because Defendants have substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina.

## COVERAGE ALLEGATIONS

12. States Mortgage is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

15. Acker was an employee of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

16. Hinton-Acker was an employee of Defendants within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

17. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

18. At all times hereinafter mentioned, States Mortgage has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

19. At all times hereinafter mentioned, Olberding has been an employer within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. § 95-25.2(5).

20. At all times hereinafter mentioned, Plaintiffs were employees within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. § 95-25.2(4).

## PLAINTIFF'S FACTUAL ALLEGATIONS

21. States Mortgage is a mortgage brokerage company that provides brokerage services to individuals seeking home loans.

22. Plaintiffs were employed by States Mortgage as hourly-paid Mortgage Processors whose primary job duties involved processing States Mortgages' client's loan requests. Plaintiffs were paid once monthly.

23. At all relevant times, Plaintiffs were nonexempt employees within the meaning of the FLSA and eligible for overtime compensation for all work performed in excess of 40 hours in a workweek.

24. Defendants employed Plaintiffs during the FLSA's three-year statutory period preceding the filing of this complaint.

25. Defendants employed Acker from approximately October 25, 2018 until or about January 15, 2020.

26. Defendants employed Hinton-Acker from approximately February 27, 2019, until January 9, 2020.

27. During his employment with Defendants, Acker's hourly rates ranged from $18.00 an hour to $21.00 per hour.

28. During her employment with Defendants, Hinton-Acker's hourly rate was $25.00 per hour.

29. Defendants did not pay Plaintiffs an overtime premium for all hours worked in excess of 40 each workweek during their employment with Defendants.

30. Defendants had a policy and practice of recording Plaintiffs' time worked by requiring Plaintiffs to send an email to Defendants' company email informing Defendants each time they clocked in and out of work. Plaintiffs were also required to turn in a spreadsheet at the end of the month that Defendants used to process payroll for Plaintiffs. Plaintiffs were instructed by Kevin Casper ("Casper"), Defendant's Processing Manager, that they were not allowed to put the actual time they worked on their time sheets. Casper instructed Plaintiffs that they were required to record a maximum of 8 hours for each regular workday they worked, regardless of the number of hours they actually worked.

31. Plaintiffs were allowed unpaid lunch breaks. However, Plaintiffs regularly worked through all or part of their unpaid lunch breaks. Regardless of whether Plaintiffs worked during their lunch, Defendants automatically deducted an hour of Plaintiffs' recorded time every workday for Plaintiffs' lunch break.

32. On or about April 1, 2019, Hinton-Acker emailed her monthly time sheet for March 2019 to Casper and Olberding reflecting her actual hours worked, including time worked through lunch breaks. Shortly thereafter, Casper called Hinton-Acker into his office. Casper asked Hinton-Acker about the hours she recorded, and why there were hours over eight in a day reflected on the time sheet. Hinton-Acker responded that the time sheet reflected the actual time she worked. Casper replied that Defendants did not allow employees to track time this way, and that employees were required to report exactly eight hours for each day worked. Casper then required Hinton-Acker to change her time sheet to reflect no more than eight hours worked each day in March 2019. Defendants paid Hinton-Acker based on the revised timesheet.

33. Plaintiffs also worked on weekends answering client emails without pay. Plaintiffs emailed Defendants informing them of the time they spent answering emails on weekends.

34. Defendants knew, or should have known, that Plaintiffs worked unpaid overtime and regular hours during the FLSA and NCWHA's statutory time periods because Plaintiffs emailed Defendants to clock in and clock out whenever they worked.

35. On multiple occasions, Defendants did not pay Plaintiffs on their regular paydays. Hinton-Acker verbally complained to Olberding on multiple occasions during her employment about not getting paid on her regular paydays. Hinton-Acker also complained to Olberding about working additional hours off-the-clock without pay.

36. Plaintiff Acker regularly worked more than 40 hours in a single workweek during his employment with Defendants including, but not limited to, the workweek beginning December 9, 2019, and ending on December 15, 2019 where Acker worked approximately 46 hours.

6

37. Plaintiff Hinton-Acker regularly worked more than 40 hours in a single workweek during her employment with Defendants, including, but not limited to, the workweek beginning April 1, 2019, and ending of April 6, 2019, where Hinton-Acker worked approximately 48 hours.

38. Defendants did not accurately track and record the hours worked by Plaintiffs as required by the FLSA.

39. Defendants did not timely pay Plaintiffs for the overtime or straight time hours they worked during the three-year period prior to the filing of this lawsuit.

40. Defendants willfully failed to pay Plaintiff the overtime premium required by the FLSA during Plaintiffs' employment with Defendants.

41. Defendants failed to pay Plaintiffs for all hours they worked on their regularly scheduled paydays, including hours worked during unpaid lunch breaks and hours worked off-the-clock.

**(Count I-Violation of FLSA – Overtime)**

42. Plaintiffs incorporate by reference the preceding paragraphs of their Complaint.

43. Defendants violated the FLSA by failing to timely pay all overtime wages earned by Plaintiffs.

44. Defendants violated the FLSA by failing to pay Plaintiffs an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

45. Defendants violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

46. Defendants' violation of the FLSA was willful.

### (Count II-Violation of NCWHA)

47. Plaintiffs incorporate the preceding paragraphs of their Complaint.

48. Plaintiffs' NCWHA claims arise from Defendants' policy and practice of failing to pay earned wages in violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.7.

49. Defendants failed to timely pay all wages earned by Plaintiffs on their regularly scheduled paydays, including the next regular payday following the termination of Plaintiffs' employment.

50. Defendants' conduct was willful.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order pursuant to N.C. Gen. Stat. § 95-25.22 finding Defendants liable for unpaid wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

c) A trial by jury on all issues so triable;

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

g) A Declaration and finding by the Court that Defendants willfully violated provisions of the NCWHA by failing to comply with the overtime requirements of the NCWHA;

h) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

i) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Jason S. Chestnut
Jason Chestnut NCSB #52066
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone: (704) 612-0038

E-Mail: phil@gibbonsleis.com
craig@gibbonsleis.com
jason@gibbonsleis.com